**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ANTWAIN CHISHOLM, a/k/a Puff,
*Defendant-Appellant.*

No. 00-4073

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

OTIS LAMONT OSBORNE, a/k/a Puchie,
*Defendant-Appellant.*

No. 00-4074

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CEDRIC ANTWAIN HARRIS, a/k/a Moo
Moo,
*Defendant-Appellant.*

No. 00-4205

Appeals from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-98-1186-JFA)

Submitted: March 23, 2001

Decided: May 14, 2001

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**COUNSEL**

Joseph P. Strom, Jr., STROM & YOUNG, L.L.P., Columbia, South Carolina; Douglas N. Truslow, Columbia, South Carolina; William M. Duncan, AUSTIN, LEWIS & ROGES, P.A., Columbia, South Carolina, for Appellants. Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Antwain Chisholm, Cedric Antwain Harris, and Otis Osborne pled guilty to possession with intent to distribute cocaine and cocaine base. Osborne also pled guilty to being a felon in possession of a firearm. Their appeals have been consolidated on appeal and their attorneys have jointly filed a single brief under *Anders v. California*, 386 U.S. 738 (1967), alleging that there are no meritorious issues on appeal but raising the following issues. Chisholm has filed a pro se supplemental brief, raising one issue.

Chisholm's claim that the district court erred by failing to downwardly depart further under *U.S. Sentencing Guidelines Manual* ("USSG") § 5K1.1 (1998) is foreclosed by this court's opinion in

*United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). We find no evidentiary support for Chisholm's pro se claim that the Government breached its plea agreement with him. Accordingly, we affirm his conviction and sentence.

We lack jurisdiction to address Harris' claims on appeal because he knowingly and voluntarily waived his appellate rights in a valid plea agreement. *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991); *United States v. Wiggins*, 905 F.2d 51, 53-54 (4th Cir. 1990). Accordingly, we dismiss his appeal.

Finally, we find no error in the district court's acceptance of Osborne's guilty plea or its calculation of his sentence. Accordingly, we affirm his conviction and sentence.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that each counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*